UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY B. GLASPER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF OAKLAND, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-04699-HSG<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 13 |

On September 20, 2023, Defendants City of Oakland, Oakland Public Works Department, Richard Battersby, Tyree Jackson, and Arthur Watson (collectively, "Defendants") moved to dismiss the complaint filed by pro se Plaintiff Timothy Glasper. Dkt. No. 5. Plaintiff did not respond to this motion by the October 4, 2023 deadline for filing an opposition. On October 12, 2023, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. Dkt. No. 13. Plaintiff did not respond to the Court's order by the November 9, 2023 deadline (and has not responded to date). For the reasons set forth below, this action is DISMISSED WITHOUT PREJUDICE for failure to prosecute.

**I.　BACKGROUND**

On July 6, 2023, Plaintiff filed this case in Alameda County Superior Court, alleging workplace harassment and retaliation by Defendants. Dkt. No. 1, Ex. A at 4. Plaintiff alleges that beginning in 2015, his employer, the Public Works Department of Oakland, retaliated against him for his participation in union activities. *Id*. Plaintiff alleged violations of 42 U.S.C. §§ 1981 and 1983, Title VI, Title VII, and various California state statutes.

On September 13, 2023, Defendants removed the case to federal court. Dkt. No. 1. Shortly thereafter, Defendants filed a motion to dismiss arguing that the complaint lacked sufficient factual allegations to state a claim for relief. Dkt. No. 5. The Court set an October 4,

2023 deadline for Plaintiff to respond to Defendants' motion, but he did not do so. Dkt. No. 5.[1] On October 12, 2023, the Court ordered Plaintiff to show cause why Defendants' motion to dismiss should not be granted for failure to respond. Dkt. No. 13. Alternatively, the Court directed Plaintiff to show cause why the case should not be dismissed for failure to prosecute. *Id*. The Court ordered Plaintiff to respond by November 9, 2023. Again, Plaintiff did not respond by the deadline (or ever). Plaintiff also did not timely file a case management statement by the December 12 deadline (while Defendants did). *See* Dkt. Nos. 11, 16. Other than filing a declination to magistrate judge jurisdiction on September 27, 2023, Dkt. No. 8, Plaintiff has not communicated with the Court in any way since the case was removed.

**II.     DISCUSSION**

The district court may dismiss a case for failure to prosecute or for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order says otherwise).

Courts "must weigh five factors" in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See Ferdik*, 963 F.2d at 1260-61. A court need not make "explicit findings in order to show that it has considered these factors," although such findings are preferred. *Id*. at 1261. Here, the Court

---

[1] While the September 28, 2023 reassignment order vacated the hearing date on the motion, it confirmed to the parties that "existing briefing schedules for motions remain unchanged." Dkt. No. 10. Defendants then properly renoticed the motion for a new hearing date. Dkt. No. 12.

finds that these factors weigh in favor of dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  That is true here.  Plaintiff failed to respond to Defendants' motion. *See* Dkt. No. 5.  Then, once the Court ordered Plaintiff to show cause why the motion should not be granted, or in the alternative why the case should not be dismissed for failure to prosecute, he again did not respond.  Dkt. No. 13.  Since the case was removed, beyond timely filing a declination to magistrate judge jurisdiction, Plaintiff has not otherwise filed anything, has not communicated with the Court for nearly four months, and has not complied with multiple orders and rules.  Plaintiff's lack of responsiveness contravenes the "public's interest in expeditious resolution of litigation." *See Pagtalunan*, 291 F.3d at 642.  This factor therefore weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants.  *See id*. (citing *Ferdik*, 963 F.2d at 1261).  Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."  *Id*.  Here, Plaintiff has demonstrated "routine noncompliance": he failed to respond to the motion to dismiss or the October 12 order to show cause as detailed above, and did not file the required case management statement.  Plaintiff's noncompliance "has consumed some of the court's time that could have been devoted to other cases on the docket."  *See Pagtalunan*, 291 F.3d at 642. This factor therefore weighs in favor of dismissal.

Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  *Id*. (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default."  *Id*.  (citation omitted).  In *Malone*, which involved a Rule 41(b) dismissal for failure to comply with a court order, the district court found the plaintiff's excuse for her failure to comply with a pretrial order to be

3

"groundless," justifying dismissal. *Id*. And in *Yourish*, which also involved plaintiffs who failed to obey a court order, the court concluded that the defendants had suffered "sufficient prejudice" where the plaintiffs had only a "paltry excuse" for why they failed to timely amend their complaint. 191 F.3d at 991-92. Here, Plaintiff has provided no reason for his noncompliance—rather, he has been entirely absent from the case other than submitting a single filing declining magistrate judge jurisdiction. This factor therefore weighs in favor of dismissal.

Fourth, the Court has attempted to employ less drastic alternatives that have proven ineffective in advancing the case. The Court issued an order to show cause, expressly warning Plaintiff that his case was at risk of dismissal for failure to prosecute. *See* Dkt. No. 13. He failed to respond. This factor therefore weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1262 (stating that Ninth Circuit authority "suggest[s] that a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

The last factor—the public policy favoring disposition on the merits—weighs against dismissal here, as it always will even when a party entirely fails to prosecute. *See Pagtalunan*, 291 F.3d at 643.

### III. CONCLUSION

Having carefully considered all five factors, the Court concludes that dismissal for failure to prosecute is appropriate. The Court thus **DISMISSES** this case under Fed. R. Civ. P. 41(b). The Clerk shall enter judgment in favor of Defendants and close the case.

**IT IS SO ORDERED.**

Dated: 1/26/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

4